```
SEDGWICK, DETERT, MORAN & ARNOLD LLP
ROBERT F. HELFING  Bar No. 90418
robert.helfing@sdma.com
JAMES J. S. HOLMES Bar No. 126779
james.holmes@sdma.com
JENNIFER A. BURTNESS  Bar No. 260385
jennifer.burtness@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Defendants
KOHL'S CORPORATION,
KOHL'S DEPARTMENT STORES, INC. AND
KOHL'S ILLINOIS, INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NEWEGG, INC., | CASE NO. CV09-03463 SJO (JCx) |
|---|---|
| Plaintiff, | DEFENDANTS KOHL'S CORPORATION; KOHL'S DEPARTMENT STORES, INC. AND KOHL'S ILLINOIS, INC.'S ANSWER TO COMPLAINT |
| v. | |
| KOHL'S CORPORATION, et al., | |
| Defendants. | |

Defendants Kohl's Corporation, Kohl's Department Stores, Inc. and Kohl's Illinios, Inc. (collectively, "Defendants"), by their attorneys respond to the Complaint filed by Newegg, Inc. ("Plaintiff") in the above captioned action as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. Defendants deny all allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny all allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit that there are three television commercials that include the phrase "The More You Know, the More you Kohl's" that can be seen at http://www.khols.com/kholsStore/ourbrands/tvspots.jsp. Except as explicitly admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint and on that basis deny them.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and on that basis deny them.

5. Defendants admit that the phrase "The More You Know, the More you Kohl's" appears on Kohl's website at http://www.khols.com/kholsStore/ourbrands/tvspots.jsp. Except as expressly admitted, Defendants deny all remaining allegations set forth in paragraph 5 of the Complaint.

6. Defendants lack sufficient information or belief to admit or deny the allegations set forth in paragraph 6 of the Complaint and on that basis deny them.

7. Defendants deny all allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny all allegations set forth in paragraph 8 of the Complaint and deny that Plaintiff is entitled to any of the relief requested.

9. Defendants deny all allegations set forth in paragraph 9 of the Complaint and deny that Plaintiff is entitled to any of the relief requested.

**JURISDICTION AND VENUE**

10. Defendants admit that this Court has subject matter jurisdiction over the claims set forth in the Complaint. Defendants deny all remaining allegations set forth in paragraph 10 of the Complaint.

11.  Defendants admit that this Court may properly exercise personal jurisdiction over Defendants. Defendants deny all remaining allegations set forth in paragraph 11 of the Complaint.

12.  Defendants admit that venue is proper in this judicial district. Defendants deny all remaining allegations set forth in paragraph 12 of the Complaint.

## PARTIES

13.  On information and belief, Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.  Defendants admit that Defendant Kohl's Corporation is a Wisconsin Corporation with a place of business in Menomonee Falls, Wisconsin. Defendants deny all remaining allegations set forth in paragraph 14 of the Complaint.

15.  Defendants admit that Defendant Kohl's Department Store Inc. is a Delaware Corporation. Defendants deny all remaining allegations set forth in paragraph 15 of the Complaint.

16.  Defendants admit that Defendant Kohl's Illinois, Inc. is a Nevada Corporation. Defendants deny all remaining allegations set forth in paragraph 16 of the Complaint.

## THE NEWEGG MARK AND COMPANY PHILOSOPHY

17.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and on that basis deny them.

18.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and on that basis deny them.

19.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and on that basis deny them.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and on that basis deny them.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and on that basis deny them.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and on that basis deny them.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and on that basis deny them.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and on that basis deny them.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and on that basis deny them.

## NEWEGG'S USE OF THE NEWEGG MARK

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and on that basis deny them.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and on that basis deny them.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint and on that basis deny them.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and on that basis deny them.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and on that basis deny them.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and on that basis deny them.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and on that basis deny them.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and on that basis deny them.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and on that basis deny them.

35. Defendants deny all allegations set forth in paragraph 35 of the Complaint.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and on that basis deny them.

## THE PREVALENCE OF THE NEWEGG MARK IN THE MEDIA AND THE BLOGOSPHERE

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and on that basis deny them.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and on that basis deny them.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint and on that basis deny them.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and on that basis deny them.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and on that basis deny them.

### NEWEGG'S FEDERAL REGISTRATIONS FOR THE NEWEGG MARK AND KOHL'S LACK THEREOF

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and on that basis deny them.

43. In answering paragraph 43 of the Complaint, Defendants admit that Kohl's is a registered service mark of Kohl's Illinois, Inc. Defendants further admit that Kohl's Corporation considers the Kohl's mark and accompanying name recognition to be valuable to it business. Plaintiff's argumentative assertion that "Kohl is well aware of how to protect its own trademark rights and intellectual property" does not require a response.

44. Defendants admit that Kohl's Illinois, Inc. has over 100 registered trademarks, trade names and services marks. Except as explicitly admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 44 of the Complaint and on that basis deny them.

45. Defendants admit that Kohl's Illinois, Inc. holds current, live trademark and/or service mark registrations for the following marks: "Expect great things" (Registration No. 3086610), "Kohl's Green Scene" (Registration No. 3565308), and "Kohl's Cares for Kids (Registration Nos. 2553885, 2295922). Defendants deny that Kohl's Illinois, Inc. holds a current, live trademark and/or service mark registration for "Kohl's S.T.E.P.S. Style and Technology in Every Pair of Shoes" " (Application Serial No. 77106346). Except as explicitly admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 45 of the Complaint and on that basis deny them.

46. Defendants admit the allegations set forth in paragraph 46 of the Complaint.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and on that basis deny them.

## KOHL'S BUSINESS

48. Defendants admit the allegations set forth in paragraph 48 of the Complaint.

49. Defendants admit the allegations set forth in paragraph 49 of the Complaint.

50. Defendants admit the allegations set forth in paragraph 50 of the Complaint.

51. Defendants admit the allegations set forth in paragraph 51 of the Complaint.

52. Defendants admit the allegations set forth in paragraph 52 of the Complaint.

53. Defendants admit the allegations set forth in paragraph 53 of the Complaint.

1  54. Defendants admit the allegations set forth in paragraph 54 of the Complaint.

2  55. Defendants admit the allegations set forth in paragraph 55 of the Complaint.

3  56. Defendants admit the allegations set forth in paragraph 56 of the Complaint.

### KOHL'S INFRINGEMENT

57. Defendants deny all allegations set forth in paragraph 57 of the Complaint.

58. Defendants admit that the phrase "The More You Know, The More You Kohl's" is included in television ads which also include the address to Kohl's website, www.kohls.com. Except as expressly admitted, Defendants deny all remaining allegations set forth in paragraph 58 of the Complaint.

59. Defendants admit that the phrase "The More You Know, The More You Kohl's" and Kohl's television commercials appear on the Kohl's website. Except as expressly admitted, Defendants deny all remaining allegations set forth in paragraph 59 of the Complaint.

### THE DISCOVERY BY NEWEGG OF KOHL'S INFRINGEMENT

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint and on that basis deny them.

61. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint and on that basis deny them.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint and on that basis deny them.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint and on that basis deny them.

64. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint and on that basis deny them.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint and on that basis deny them.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint and on that basis deny them.

67. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint and on that basis deny them.

## **CONSUMERS ARE LIKELY TO BE CONFUSED**

68. Defendants deny all allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny all allegations set forth in paragraph 69 of the Complaint. Newegg's characterization of trademark law does not require a response.

70. Defendants admit that by clicking on the words, "Electronics & Games," website visitors are taken to a webpage featuring such products. Except as expressly admitted, Defendants deny all remaining allegations set forth in paragraph 70 of the Complaint.

71. Defendants admit the allegations set forth in paragraph 71 of the Complaint.

72.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint and on that basis deny them.

73.    Defendants admit Kohl's sells home appliance items on its website including: Blenders; Bread Makers; Coffee Grinders; Coffee Makers; Espresso / Combination Machines; Fondue; Food Processors; Ice Cream Makers; IceMakers; Juicers & Extractors; Mixers; Popcorn Poppers; Rice Cookers; Rotisserie Ovens; Steamers; Teakettles; Thermo Pots; Toaster Ovens; Toasters; Vacuum Sealers & Canisters; Waffles / Griddles / Pizelles / Panini; Warming Trays; Water Dispensers; Wine, Beer Coolers & Accessories. Except as expressly admitted, Defendants deny all remaining allegations set forth in paragraph 73 of the Complaint.

74.    Defendants deny all allegations set forth in paragraph 74 of the Complaint.

75.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint and on that basis deny them.

76.    Defendants deny all allegations set forth in paragraph 76 of the Complaint.

77.    Defendants deny all allegations set forth in paragraph 77 of the Complaint.

78.    Defendants deny all allegations set forth in paragraph 78 of the Complaint.

79.    Defendants admit they sell products online. Except as expressly admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 79 of the Complaint and on that basis deny them.

## KOHL'S INFRINGEMENT HAS HARMED AND WILL CONTINUE TO HARM NEWEGG

80. Defendants deny all allegations set forth in paragraph 80 of the Complaint.

81. Defendants deny all allegations set forth in paragraph 81 of the Complaint.

82. Defendants deny all allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny all allegations set forth in paragraph 83 of the Complaint.

84. Defendants deny all allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny all allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny all allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny all allegations set forth in paragraph 87 of the Complaint.

88. Defendants deny all allegations set forth in paragraph 88 of the Complaint.

## COUNT ONE – TRADEMARK INFRINGEMENT
### (Section 32 of the Lanham Act, 15 U.S.C. 1114(1) Against All Defendants)

89. Defendants repeat each and every answer contained in paragraphs 1-88 of this Answer in answering paragraph 89 of the Complaint.

90. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint and on that basis deny them.

91. Defendants deny all allegations set forth in paragraph 91 of the Complaint.

92. Defendants deny all allegations set forth in paragraph 92 of the Complaint.

93. Defendants deny all allegations set forth in paragraph 93 of the Complaint.

## COUNT TWO - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### (Section 43(a) of the Lanham Act, 15 U.S.C.1125(a) Against All Defendants)

94. Defendants repeat each and every answer contained in paragraphs 1-93 of this Answer in answering paragraph 94 of the Complaint.

95. Defendants deny all allegations set forth in paragraph 95 of the Complaint.

96. Defendants deny all allegations set forth in paragraph 96 of the Complaint.

## COUNT THREE - TRADEMARK DILUTION

### (Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) Against All Defendants)

97. Defendants repeat each and every answer contained in paragraphs 1-96 of this Answer in answering paragraph 97 of the Complaint.

98. Defendants deny all allegations set forth in paragraph 98 of the Complaint.

99. Defendants deny all allegations set forth in paragraph 99 of the Complaint.

100. Defendants deny all allegations set forth in paragraph 100 of the Complaint.

101. Defendants deny all allegations set forth in paragraph 101 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

102. Defendants deny all allegations set forth in paragraph 102 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

## COUNT FOUR – TRADEMARK INFRINGEMENT
### (Trademark Infringement Under California Common Law Against All Defendants)

103. Defendants repeat each and every answer contained in paragraphs 1-102 of this Answer in answering paragraph 103 of the Complaint.

104. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint and on that basis deny them.

105. Defendants deny all allegations set forth in paragraph 105 of the Complaint.

106. Defendants deny all allegations set forth in paragraph 106 of the Complaint.

107. Defendants deny all allegations set forth in paragraph 107 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

108. Defendants deny all allegations set forth in paragraph 108 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

## COUNT FIVE – TRADEMARK DILUTION
### (Trademark Dilution in Violation of Cal. Bus. & Prof. Code § 14200 et. seq. and California Common Law Against All Defendants)

109. Defendants repeat each and every answer contained in paragraphs 1-

108 of this Answer in answering paragraph 109 of the Complaint.

110. Defendants deny all allegations set forth in paragraph 110 of the Complaint.

111. Defendants deny all allegations set forth in paragraph 111 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

### COUNT SIX – UNFAIR COMPETITION

**(Unfair Competition in Violation of Cal. Bus. and Prof. Code § 17200 Against All Defendants)**

112. Defendants repeat each and every answer contained in paragraphs 1-111 of this Answer in answering paragraph 112 of the Complaint.

113. Defendants deny all allegations set forth in paragraph 113 of the Complaint.

114. Defendants deny all allegations set forth in paragraph 114 of the Complaint.

115. Defendants deny all allegations set forth in paragraph 115 of the Complaint and deny that Plaintiff is entitled to any of the relief requested or any other relief.

### COUNT SEVEN – UNFAIR COMPETITION

**(Unfair Competition Under California Common Law Against All Defendants)**

116. Defendants repeat each and every answer contained in paragraphs 1-115 of this Answer in answering paragraph 116 of the Complaint.

117. Defendants deny all allegations set forth in paragraph 117 of the Complaint.

118. Defendants deny all allegations set forth in paragraph 118 of the Complaint.

1   119.   Defendants deny all allegations set forth in paragraph 119 of the
Complaint and deny that Plaintiff is entitled to any of the relief requested.

### PRAYER FOR RELIEF

1.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 1 of the Prayer for Relief in the Complaint.

2.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 2 of the Prayer for Relief in the Complaint.

3.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 3 of the Prayer for Relief in the Complaint.

4.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 4 of the Prayer for Relief in the Complaint.

5.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 5 of the Prayer for Relief in the Complaint.

6.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 6 of the Prayer for Relief in the Complaint.

7.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 7 of the Prayer for Relief in the Complaint.

8.   Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 8 of the Prayer for Relief in the Complaint.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.   As to all the Claims for Relief, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

2.   As to all the Claims for Relief, Defendants allege that even if Plaintiffs' allegations were true, which Defendants deny, Plaintiffs' conduct was

such that Plaintiff is estopped from pursuing any of the claims.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3.  As to all the Claims for Relief, Defendants allege that even if Plaintiffs' allegations were true, which Defendants deny, Plaintiffs' conduct was such that it constituted a waiver of Plaintiffs' right to pursue any of the claims.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.  As to all the Claims for Relief, Defendants allege that even if Plaintiffs' allegations were true, which Defendants deny, Plaintiffs' claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5.  As to all the Claims for Relief, Defendants allege that even if Plaintiffs' allegations were true, which Defendants deny, Plaintiffs' claims are barred because of Plaintiffs' own unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

6.  As to all the Claims for Relief, Defendants allege that Plaintiffs are barred from recovery for any alleged damages because of and to the extent of Plaintiffs' failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

7.  Defendants do not currently have sufficient knowledge or information about whether they may have additional affirmative defenses. Defendants therefore reserve the right to amend this Answer to assert any additional affirmative defenses that come to light through discovery and investigation.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by its Complaint;

2. That the Complaint be dismissed with prejudice and that Judgment be awarded in favor of Defendants;

3. That Defendants be awarded their costs of suit herein;

4. That Defendants be awarded their reasonable attorneys' fees; and

5. That Defendants be awarded such other and further relief as this Court deems just and proper.

DATED: June 8, 2009          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Robert F. Helfing
    Robert F. Helfing
    James J. S. Holmes
    Jennifer A. Burtness
    Attorneys for Defendants Kohl's Corporation, Kohl's Department Stores, Inc. and Kohl's Illinois, Inc.